UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYO HAK CHU,<br><br>    Plaintiff,<br><br>v.<br><br>EDDIE BAUER LLC,<br><br>    Defendant. | Case No. 19-cv-04182-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br>Re: Dkt. Nos. 17, 18 |

On January 21, 2020, Plaintiff filed an amended notice of dismissal, seeking to dismiss the individual claim with prejudice and the class claims without prejudice. (Dkt. No. 18.) Plaintiff also filed a response to the Court's January 15, 2020 order requiring that Plaintiff address the *Diaz* factors if Plaintiff sought to dismiss the class claims. (Dkt. No. 17; *see also* Dkt. No. 16.) Plaintiff did not address the address the *Diaz* factors, but instead stated that he did not need to address the factors due to the amendment of Rule 23(e).

While *Diaz* pre-dates the Rule 23 amendments, and "courts in this district have noted 'some uncertainty' about the continued application of Rule 23(e) to pre-certification settlement proposals in the wake of the 2003 amendments, . . . our decisions have generally assumed that it does . . . ." *Tombline v. Wells Fargo Bank, N.A.*, Case No. 13-cv-4567-JD, 2014 U.S. Dist. LEXIS 145556, at *4-5 (N.D. Cal. Oct. 10, 2014); *see also Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, Case No. 13-cv-5456-HSG, 2016 U.S. Dist. LEXIS 4338, at *10 (N.D. Cal. Jan. 13, 2016); *Gonzalez v. Fallanghina, LLC*, Case No. 16-cv-1832-MEJ, 2017 U.S. Dist. LEXIS 58430, at *12 (N.D. Cal. Apr. 17, 2017); *Madrid v. TeleNetwork Partners, Ltd.*, Case No. 17-cv-4519-BLF, 2019 U.S. Dist. LEXIS 123653, at *21 (N.D. Cal. July 23, 2019). Those courts have reasoned that applying *Diaz* "strikes the right balance between the full-bore fairness review for settlement of

certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals and not sacrificed for convenience when named representatives decide to settle their claims individually." *Tombline*, 2014 U.S. Dist. LEXIS 145556, at *5; *see also Diva Limousine, Ltd. v. Uber Techs.*, Case No. 18-cv-5546-EMC, 2019 U.S. Dist. LEXIS 184458, at *3 (N.D. Cal. Oct. 23, 2019) ("Pre-certification review is appropriate because it affords a safeguard against any significant reliance interest of putative class members who received notice of the action but not its dismissal, and are thus unaware of, *e.g.*, statute of limitation issues consequential to dismissal. [Citation.] It also safeguards against any potential abuse of the class action process."). Thus, courts in this district have continued to require that parties provide supplemental briefing regarding the *Diaz* factors even when the settlement would dismiss the class claims without prejudice. *E.g.*, *Scott v. Comcast Cable Commc'ns. Mgmt., LLC*, Case No. 16-cv-6869-EMC, 2018 U.S. Dist. LEXIS 6914, at *2-3 (N.D. Cal. Jan. 16, 2018) (requiring supplemental briefing where the parties filed a stipulation dismissing the individual claims with prejudice and the class claims without prejudice).

Accordingly, the Court ORDERS Plaintiff to file a supplemental brief addressing the *Diaz* factors by **February 21, 2020**. The Court notes that very little information is required to address the *Diaz* factors. Indeed, it might require less time and information than what was provided in support of counsel's argument that *Diaz* no longer applies.

IT IS SO ORDERED.

Dated: February 10, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge